redacted filed 5/7/2025

FILED
May 01 2025
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

ORDERED UNSEALED on 05/7/2025 s/ melodyqu
SEALED

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

April 2024 Grand Jury

UNITED STATES OF AMERICA,

Plaintiff,

v.

FARLIS ALMONTE (1),
RICARDO RODRIGUEZ (2),
KAIRY STEPHANIA QUINONEZ (3),
[redacted],
JAIME TORRES JR. (5),

Defendants.

Case No. '25 CR1502 JES

I N D I C T M E N T

Title 18, U.S.C., Sec. 371 and Title 8, U.S.C., Sec. 1324(a)(2)(B)(ii) - Conspiracy to Bring in Aliens for Financial Gain; Title 8, U.S.C., Sec. 1324(a)(2)(B)(ii) - Bringing in Aliens for Financial Gain; Title 18, U.S.C., Sec. 201(b)(2)(C) - Receipt of Bribes by Public Official; [redacted] Title 18, U.S.C., Secs. 982(a)(6) and 981(a)(1)(C), Title 8, U.S.C., Sec. 1324(b), and Title 28, U.S.C., Sec. 2461(c) - Criminal Forfeiture

The grand jury charges:

INTRODUCTORY ALLEGATIONS

At all times relevant to this indictment:

1. Defendants FARLIS ALMONTE, RICARDO RODRIGUEZ, and KAIRY STEPHANIA QUINONEZ were employed as Customs and Border Protection ("CBP") officers assigned to the San Ysidro, California Port of Entry ("POE") and were responsible for inspecting vehicles and individuals entering the United States from Mexico and enforcement of United States immigration laws.

FAN:nlv:San Diego:5/1/25

2. Primary inspection booths at the San Ysidro POE were manned by CBP officers who formed a first line of defense against the unlawful entry of individuals and contraband into the United States.

3. The Transportation Enforcement Communications System ("TECS") database was a system used by CBP officers to document, among other things, the entry of individuals and vehicles into the United States from Mexico at the San Ysidro POE.

Count 1

(Conspiracy to Bring in Aliens for Financial Gain)

4. The allegations contained in Paragraphs 1 through 3 are incorporated.

5. Beginning on a date unknown to the grand jury and continuing up to and including March 24, 2025, within the Southern District of California and elsewhere, defendants FARLIS ALMONTE, RICARDO RODRIGUEZ, KAIRY STEPHANIA QUINONEZ, [redacted], and JAIME TORRES JR. did knowingly and intentionally conspire with other persons known and unknown to the grand jury to commit offenses against the United States, to wit: to bring illegal aliens to the United States for the purpose of commercial advantage and private financial gain, with the intent to violate the immigration laws of the United States, and knowing and in reckless disregard of the fact that such aliens had not received prior official authorization to come to, enter, and reside in the United States; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii).

MANNER AND MEANS

6. The object of the conspiracy was carried out, and was to be carried out, in substance, in the following manner:

7. Defendants FARLIS ALMONTE, RICARDO RODRIGUEZ, and KAIRY STEPHANIA QUINONEZ shared with co-conspirators their lane assignments and times when they were scheduled to be operating the primary inspection booths at the San Ysidro POE.

8. Members of the conspiracy, including defendants ████ ████ ████ and JAIME TORRES JR., recruited drivers to cross passenger vehicles carrying illegal aliens from Mexico into the United States.

9. Members of the conspiracy would coordinate with co-conspirators to ensure vehicles driven by members of the conspiracy and containing illegal aliens would enter the San Ysidro POE during the windows of time and through the lanes assigned to defendants FARLIS ALMONTE, RICARDO RODRIGUEZ, and KAIRY STEPHANIA QUINONEZ.

10. Defendants FARLIS ALMONTE, RICARDO RODRIGUEZ, and KAIRY STEPHANIA QUINONEZ allowed members of the conspiracy to cross from Mexico into the United States while transporting illegal aliens by failing to meaningfully inspect vehicles and their occupants that passed through the primary inspection booths to which they were assigned.

11. Defendants FARLIS ALMONTE, RICARDO RODRIGUEZ, and KAIRY STEPHANIA QUINONEZ would falsely report in the TECS system the number of occupants in certain vehicles crossing from Mexico into the United States to disguise and conceal the fact that those vehicles contained illegal aliens who were being smuggled by co-conspirators into the United States through the San Ysidro POE.

12. Members of the conspiracy charged the illegal aliens thousands of dollars to be smuggled from Mexico into the United States and did so for commercial advantage and private financial gain.

//

//

OVERT ACTS

13. In furtherance of the conspiracy and its object, the members of the conspiracy committed the following overt acts, among others, within the Southern District of California and elsewhere:

14. On or about August 24, 2024, defendant FARLIS ALMONTE admitted into the United States a white BMW driven by a co-conspirator that contained illegal aliens.

15. On or about August 24, 2024, FARLIS ALMONTE communicated with a co-conspirator about his upcoming schedule at the San Ysidro POE and confirmed he (FARLIS ALMONTE) had seen earlier the driver of the BMW.

16. On or about September 25, 2024, a member of the conspiracy instructed a co-conspirator to drive a vehicle, which contained illegal aliens, through lane 16 at the San Ysidro POE at a time when defendant FARLIS ALMONTE was working that primary booth.

17. On or about September 25, 2024, a co-conspirator, who had been recruited by members of the conspiracy including defendants [redacted] [redacted] and JAIME TORRES JR., mistakenly drove into the adjacent lane to the lane being worked by defendant FARLIS ALMONTE and was apprehended while smuggling three illegal aliens from Mexico into the United States.

18. On or about October 15, 2024, defendant RICARDO RODRIGUEZ admitted a vehicle containing a driver and one visible passenger into the United States from Mexico. To conceal the fact that the passenger was an illegal alien without authorization to enter or remain in the United States lawfully, in TECS, defendant RICARDO RODRIGUEZ only documented one occupant in the vehicle, the driver, and purposefully omitted the passenger.

19. On or about November 12, 2024, defendant RICARDO RODRIGUEZ admitted a vehicle containing a driver and several visible passengers

into the United States from Mexico. To conceal the fact that the passengers were illegal aliens without authorization to enter or remain in the United States lawfully, in TECS, defendant RICARDO RODRIGUEZ only documented one occupant in the vehicle, the driver, and purposefully omitted the others.

20. On or about November 28, 2024, defendant RICARDO RODRIGUEZ admitted a vehicle containing a driver and several visible passengers into the United States from Mexico. To conceal the fact that the passengers were illegal aliens without authorization to enter or remain in the United States lawfully, in TECS, defendant RODRIGUEZ only documented one occupant in the vehicle, the driver, and purposefully omitted the others.

21. On or about December 6, 2024, defendant FARLIS ALMONTE admitted into the United States from Mexico a white Honda sedan without conducting any meaningful inspection even though the vehicle had an active TECS alert associated with it. Defendant ALMONTE then falsely asserted to others that he received an error on his primary booth terminal and that there was not a white sedan at his booth when the alert populated. ALMONTE then documented into TECS that the vehicle contained only an "unknown" number of passengers to conceal the fact that the passengers were illegal aliens without authorization to enter or remain in the United States lawfully.

22. On or about December 19, 2024, a co-conspirator entered the San Ysidro POE in a vehicle containing several illegal aliens who lacked authorization to enter or remain in the United States lawfully. To enter the United States from Mexico, the co-conspirator, a female, presented as her own the identification card of a male to defendant RICARDO RODRIGUEZ, who was working the primary inspection booth. RODRIGUEZ

documented the name of the male as the only traveler in the car and admitted the co-conspirator and her passengers into the United States.

23. On or about March 2, 2025, defendant KAIRY STEPHANIA QUINONEZ admitted a motorcycle with two individuals onboard. As the aliens approached defendant QUINONEZ's booth, one stated "five seven" in Spanish. Defendant QUINONEZ then failed to scan or enter either alien's documents into TECS, failed to enter the motorcycle's license plate into TECS, and manually canceled the crossing package.

24. On or about March 16, 2025, a co-conspirator confirmed with defendant RICARDO RODRIGUEZ that illegal aliens would use the code word, "57" when attempting to enter the United States from Mexico with the members of the conspiracy.

25. Co-conspirators, including [redacted], paid defendants FARLIS ALMONTE and RICARDO RODRIGUEZ money in exchange for FARLIS ALMONTE and RICARDO RODRIGUEZ allowing vehicles carrying illegal aliens to enter the United States without being properly inspected and/or apprehended. All in violation of Title 18, United States Code, Section 371.

Counts 2-4

(Bringing in Aliens for Financial Gain)

26. On or about September 25, 2024, within the Southern District of California and elsewhere, defendants FARLIS ALMONTE, [redacted], and JAIME TORRES JR., with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that the aliens, namely Diana JUAREZ-Sanchez, M.L.S.J., and M.B.S.J., (both juveniles) had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said aliens for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code,

Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

Counts 5-7

(Bringing in Aliens for Financial Gain)

27. On or about November 28, 2024, within the Southern District of California, defendant RICARDO RODRIGUEZ, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that three aliens had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said aliens for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

Counts 8-10

(Bringing in Aliens for Financial Gain)

28. On or about March 2, 2025, within the Southern District of California, defendant KAIRY STEPHANIA QUINONEZ, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that the aliens, namely Junjie Lian, Lin Lin, and Ranbin Lin, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said aliens for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

//

//

//

Count 11

(Receipt of Bribes by Public Official)

29. The allegations contained in Paragraphs 1 through 3 are incorporated.

30. From at least in or about August 2024, up to and including March 24, 2025, within the Southern District of California and elsewhere, defendant FARLIS ALMONTE, a public official, directly and indirectly did corruptly demand, seek, receive, accept, and agree to receive and accept something of value personally in return for being induced to do an act and omit to do an act in violation of his official duty; that is, in exchange for money, FARLIS ALMONTE agreed to permit alien-laden vehicles entry into the United States in violation of defendant's official duties, that is failing to enforce the customs and immigration laws of the United States; in violation of Title 18, United States Code, Section 201(b)(2)(C).

Count 12

(Receipt of Bribes by Public Official)

31. The allegations contained in Paragraphs 1 through 3 are incorporated.

32. From at least in or about August 2024, up to and including March 24, 2025, within the Southern District of California and elsewhere, defendant RICARDO RODRIGUEZ, a public official, directly and indirectly did corruptly demand, seek, receive, accept, and agree to receive and accept something of value personally in return for being induced to do an act and omit to do an act in violation of his official duty; that is, in exchange for money, RODRIGUEZ agreed to permit alien-laden vehicles entry into the United States in violation of defendant's official duties, that is failing to enforce the customs and immigration laws of the United



States; in violation of Title 18, United States Code, Section 201(b)(2)(C).

FORFEITURE ALLEGATIONS

1. The allegations contained in Counts 1 through 10 are realleged and by their reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Sections 982(a)(8) and 981(a)(1)(C), Title 8, United States Code, Section 1324(b), and Title 28, United States Code, Section 2461(c).

2. Upon conviction of one and more of the offenses alleged in Counts 1 through 10 of this Indictment, and pursuant to Title 18, United States Code, Section 982(a)(6), Title 8, United States Code, Section 1324(b), and Title 28, United States Code, Section 2461(c), defendants FARLIS ALMONTE, RICARDO RODRIGUEZ, KAIRY STEPHANIA QUINONEZ, [REDACTED], and JAIME TORRES JR. shall forfeit to the United States any conveyances used in the commission of the offenses, any property constituting, and derived from, the gross proceeds obtained, directly and indirectly, from the commission of the offenses, and any and all property used and intended to be used to facilitate the commission of the violations alleged in Counts 1 through 10 of this Indictment.

3. Upon conviction of one and more of the offenses alleged in Counts 11 through 14 of this Indictment, and pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), defendants FARLIS ALMONTE, RICARDO RODRIGUEZ, and [REDACTED] shall forfeit to the United States all their rights, title,

and interest in any property, real and personal, which constitutes and is derived from proceeds traceable to the violations.

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the property listed above as being subject to forfeiture.

All pursuant to Title 18, United States Code, Sections 982(a)(6) and 981(a)(1)(C), Title 8, United States Code, Section 1324(b), and Title 28, United States Code, Section 2461(c).

DATED: May 1, 2025.

ADAM GORDON
United States Attorney

By: FRANCISCO A. NAGEL
Assistant U.S. Attorney

I hereby attest and certify on May 01, 2025 that the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.

Clerk, U.S. District Court
Southern District of California

By: s/Al
Deputy